IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01624-WYD-BNB

DAVID A. ZIGRAY,

Plaintiff,

v.

NETDELIVERY CORP., a Delaware corporation,
IDK ENTERPRISES, INC., a Delaware corporation d/b/a NETdelivery,
COMPLETE SECURITY SOLUTIONS, INC., a Delaware corporation,
PATRON SYSTEMS, INC., a Delaware corporation, and
DANIEL TWING, an individual,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion for Discovery** (the "Motion"), filed May 1, 2006. On January 6, 2006, the defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss"). The plaintiff filed a response to the Motion to Dismiss on January 27, 2006. The defendants filed a reply in support of the Motion to Dismiss on February 13, 2006. The matter is set for hearing on June 13, 2006.

The plaintiff seeks an order permitting him to perform "limited" discovery prior to the hearing on issues including "the citizenship of the parties," the "business relationships between the Defendants," the "[d]iscreet timeframes associated with" the business relationships between the parties," service on defendant NETdelivery, and "[t]he ability to impeach any evidence presented towards satisfying the above." The plaintiff requests leave to submit written interrogatories and requests for production of documents on these issues.

A court may allow discovery to determine facts bearing on the court's jurisdiction. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978). The scope of discovery lies within the court's discretion. Goodman Holdings v. Rafidain Bank, 26 F.3d 1143, 1147 (D.C.Cir. 1994).

The plaintiff does not identify with any specificity the questions he seeks to have answered, the documents he seeks to obtain, or how such information is relevant to the question of subject matter jurisdiction. To the contrary, it appears from his Motion that the plaintiff is requesting leave to conduct a burdensome fishing expedition. Any further request to conduct discovery on the issue of jurisdiction must be accompanied by drafts of the particular discovery sought so that I may review it for reasonableness and relevancy.

The plaintiff has already submitted in excess of 160 pages of exhibits with his response to the Motion to Dismiss. The majority of the 160 pages are irrelevant to the issue of subject matter jurisdiction. Any further submission of evidence by the plaintiff must be narrowly tailored to the jurisdictional issue.

To the extent the plaintiff claims that he is entitled to discovery because he has a right to confrontation and because the defendants' affiants are not credible or are not acting in good faith, *Motion*, p. 4, such matters may be addressed through cross-examination at the hearing.

IT IS ORDERED that the Motion is DENIED WITHOUT PREJUDICE, to be renewed, if at all, with drafts of the particular discovery requested so that it may reviewed prior to service.

Dated May 4, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge