IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01624-WYD-OES

DAVID A. ZIGRAY,

    Plaintiff(s),

v.

NETDELIVERY CORPORATION, a Colorado Corporation; and
IDK ENTERPRISES, d/b/a NETdelivery;
COMPLETE SECURITY SOLUTIONS, INC., a Delaware Corporation;
PATRON SYSTEMS, INC, an Illinois Corporation; AND
TWING DANIEL, an Individual,

    Defendant(s).

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court on several motions including (1) the Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed January 6, 2006 (docket #8) by Defendants IDK Enterprises, Inc., Complete Security Solutions, Inc., Patron Systems, Inc., and Daniel Twing; (2) Plaintiff's Motion to Remove Defendant, filed March 8, 2006 (docket #28); and the (3) Motion for Default Judgment, filed March 9, 2006 (docket #34).  These motions were referred to Magistrate Judge Boyd N. Boland for a Recommendation pursuant to an Order of Reference dated August 24, 2005. Magistrate Judge Boland issued Findings of Fact, Conclusions of Law, and a Recommendation of United States Magistrate Judge Concerning Diversity Jurisdiction

("Recommendation") on June 20, 2006, which is incorporated herein by reference. *See* 28 U.S.C § 636(b)(1)(A); FED. R. CIV. P. 72(a); D.C.COLO.LCivR. 72.1(C)(1).

## II. BACKGROUND

Plaintiff's original Complaint, filed August 22, 2005, asserted claims against NETdelivery Corporation, a Colorado Corporation, IDK Enterprises, d/b/a NETdelivery, and Patron Systems, Inc., an Illinois Corporation.  On November 4, 2005, Plaintiff filed an Amended Complaint which asserted claims against NETDdelivery Corporation, a Delaware Corporation, IDK Enterprises, Inc., a Delaware Corporation d/b/a NETdelivery, Complete Security Solutions, Inc., a Delaware Corporation, Patron Systems, Inc., a Delaware Corporation, and Twing Daniel, an Individual.  Defendants IDK Enterprises, Inc. ("IDK"), Complete Security Solutions, Inc. ("CSSI"), Patron Systems, Inc. ("Patron"), and Daniel Twing (Mr. Twing") filed the Motion to Dismiss for Lack of Subject Matter Jurisdiction on January 6, 2006 ("Motion to Dismiss").

In the Motion to Dismiss, Defendants contend that complete diversity does not exist in this case because Plaintiff is a resident of Colorado, Defendants IDK, CSSI, and Patron have their principal place of business in Colorado, and Defendant Twing is a resident of Colorado.  Plaintiff responded to the Motion to Dismiss and disputed Defendants' assertion that Patron's principal place of business is Colorado.  On March 8, 2006, Plaintiff filed a Motion to Remove Defendant, requesting that Defendant Twing be removed from the case and on March 9, 2006, Plaintiff filed a Motion for Default Judgment against Defendant NETdelivery.

III.    RECOMMENDATION

Magistrate Judge Boland held a limited evidentiary hearing on June 13, 2006, to resolve the disputed factual issues raised in the Motion to Dismiss and Plaintiff's response thereto.  At the conclusion of the hearing Magistrate Judge Boland made various findings of fact and conclusions of law, which are set forth in the Recommendation.  Magistrate Judge Boland found that at the time this suit was commenced on August 22, 2005, "a substantial part of Patron's business was transacted from Colorado, and the centralized general supervision of all of its business was exercised from Colorado.  Therefore, Patron's principal place of business on August 22, 2005, was in Colorado."  Recommendation at 7.  Because Plaintiff is a resident of Colorado and Patron was deemed to be a citizen of Colorado at the time this action was commenced, Magistrate Judge Boland concluded that as of August 22, 2005, complete diversity of citizenship did not exist between the parties, and the Court does not have subject matter jurisdiction.  Recommendation at 7-8.  Magistrate Judge Boland recommended that Defendants' Motion to Dismiss be granted, and that Plaintiff's Motion to Remove Defendant Twing from this action be denied as moot since removal of Twing would not affect the Court's subject matter jurisdiction. Recommendation at 8.  In addition, Magistrate Judge Boland recommended that Plaintiff's Motion for Default Judgment be denied due to the Court's lack of subject matter jurisdiction.  Recommendation at 8.

On June 30, 2006, Plaintiff filed a timely Objection to the Recommendation, which necessitates a *de novo* determination as to those specified proposed findings or

recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Neither 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires that I make any specific findings; "the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). Defendants IDK, CSSI, Patron, and Twing filed a Response to the Objection on July 17, 2006. On July 28, 2006, Plaintiff filed a Reply in Support of Objection.

Defendants have moved to strike Plaintiff's Reply asserting that Fed. R. Civ. P. 72(b) does not permit replies. Plaintiff in this case is proceeding *pro se*. Although Plaintiff's *pro se* pleadings are to be liberally construed, I note that Rule 72(b) does not provide for the filing of a reply brief in connection with an objection to the proposed findings and recommendation of a Magistrate Judge. While Plaintiff has not sought leave to file a reply, I will consider the arguments raised in the Reply. Defendants' Motion to Strike is **DENIED**.

    A.    <u>Subject Matter Jurisdiction</u>

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *Todd Holding Co., Inc. v. Super Value Stores, Inc.*, 744 F. Supp. 1025, 1026 (D. Colo. 1990). Thus, the court must satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim. *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998). "[T]he burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994).

"Mere conclusory allegations of jurisdiction are not enough." *United States, ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1196, 1160 (10th Cir. 1999). A party may attack the factual assertions on which subject matter jurisdiction is asserted through affidavits and other documents. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where evidence outside the pleadings is considered, the motion is not converted to a motion for summary judgment because the Court is considering the motion pursuant to Rule 12(b)(1). *Id.* For a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000 and the matter must be between citizens of different states. 28 U.S.C. § 1332(a).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Shell Rocky Mountain Productions, LLC v. Ultra Resources, Inc.*, 415 F.3d 1158, 1162 (10th Cir. 2005). The Tenth Circuit has adopted the "total activity" approach to the principal place of business determination. *Shell*, 415 F.3d at 1162. Under this approach the Court "'considers a variety of factors, such as the location of the corporation's nerve center, administrative offices, production facilities, employees, etc., and it balances these factors in light of the facts of each case.'" *Id.* (quoting *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 915 (10th Cir. 1993)). However, the court's final determination does not "'hinge on one particular facet of corporate operations, but on the total activity of the company considered as a whole.'" *Id.* Diversity of citizenship is determined as of the time the suit is commenced. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

### B. Plaintiff's Objection

Plaintiff objects to Magistrate Judge Boland's finding that Defendant Patron's principal place of business is in Colorado and maintains that Patron's principal place of business is Chicago, Illinois. Objection at 1. In support of this contention, Plaintiff notes that Patron's Annual Report filed with the Delaware Secretary of State states that Patron's principal place of business outside of Delaware is Chicago, Illinois, that several documents filed with the Securities Exchange Commission list Chicago, Illinois as the location of Patron's "Principal Executive Offices," and that Patron's website (prior to January 8, 2006) listed Chicago, Illinois as Patron's "Corporate Headquarters."[1] Objection at 2-3. Plaintiff maintains the Magistrate Judge did not adequately consider this information and instead reached its decision based solely on the testimony of Ms. Heidi B. Newton, Vice President of Finance of Patron and Defendants' primary witness at the evidentiary hearing before the Magistrate Judge. Objection at 5. Plaintiff states that Defendants have "fraudulently" diminished the importance of Patron's virtual office in Chicago while "simultaneously inflating its Boulder location." Objection at 5, 8, 12-15. Plaintiff also contends that "LucidLine, Inc.," one of Patron's acquired entities, and Defendant IDK have addresses in the Chicago metropolitan area. Objection at 13-17. Finally, Plaintiff objects to Magistrate Judge Boland's finding that NETdelivery did not conduct any business after January 2003 and is a defunct corporation. Recommendation at 5.

---

[1] Plaintiff contends that Defendants modified their website shortly after filing their Motion to Dismiss in order make the website consistent with the allegations contained in the Motion to Dismiss.

I have considered Plaintiff's objections and have conducted a *de novo* review of the record. I conclude that the factual findings made by Magistrate Judge Boland are supported by the evidence before me. First, I note that Magistrate Judge Boland specifically found that Patron maintained an address in Chicago where it received mail and facsimiles, that Patron's website listed Chicago, Illinois as Patron's "Corporate Headquarters," and that Patron's annual Franchise Tax Report to the State of Delaware and its 8-K/A report to the SEC list Chicago, Illinois as Patron's principal place of business. Recommendation at 6-7. However, Magistrate Judge Boland also found that Patron conducted all of the following business operations in Boulder, Colorado: software development, professional services, payroll, human resources, billing collections, general ledger, customer support, engineering, audit, and financials. Recommendation at 6. The Magistrate Judge's findings were based, at least in part, on the testimony of Ms. Newton. Plaintiff does not present evidence contradicting these findings, but instead raises issues concerning Ms. Newton's credibility as a witness. However, I will not reassess or displace Magistrate Judge Boland's view of Ms. Newton's credibility. *See Nat. Railroad Passenger Corp. v. Koch Industries, Inc.*, 701 F.2d 108, 111 (10th Cir. 1983) (district judge may rely on Magistrate Judge's views as to witness credibility). Plaintiff's complaints about Ms. Newton's credibility do not justify reversal of the Recommendation.

Plaintiff nevertheless complains that Defendants have mischaracterized Patron's virtual office in Chicago as one that "solely consists of an address, a fax number and a phone number." Plaintiff asserts that Patron's Chicago office contains several offices,

conference rooms and other amenities, and that both Patron's Chief Operating Officer and its Chief Financial Office have offices in the Chicago area. Objection at 8-12, 15. However, these facts, even if true, do not justify reversal in light of Magistrate Judge Boland's conclusion that a substantial part of Patron's business was transacted from Colorado. Under the "total activities" approach the court must consider the activity of the company as a whole. Plaintiff has presented no evidence that Patron actually conducted business operations in Illinois. In addition, neither Plaintiff's contention that "LucidLine, Inc.," one of Patron's acquired entities, operates out of Chicago, nor Plaintiff's assertion that Defendant NETdelivery is an existing corporation impact the analysis in this case. The fact that a business that Patron acquired had an office in Chicago does not mean Patron operates a substantial part of its business out of Illinois. Moreover, even if NETdelivery is not a defunct corporation, there is no evidence that NETdelivery operated anywhere outside Colorado.

IV.  CONCLUSION

Having reviewed Magistrate Judge Boland's Findings of Fact, Conclusions of Law, and Recommendation concerning diversity jurisdiction, Plaintiff's Objection, Defendants' Response to Plaintiff's Objection, and Plaintiff's Reply in Support of Objection, I find that the Recommendation is well-reasoned. Accordingly, for the reasons stated above, it is

ORDERED that Defendants' Motion to Strike, filed July 28, 2006 (docket #68), is **DENIED**. It is

FURTHER ORDERED that the Recommendation of United States Magistrate

Judge Boland dated June 20, 2006, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed January 6, 2006 (docket #8), is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that Plaintiff's Motion to Remove Defendant, filed March 8, 2006 (docket #28) is **DENIED AS MOOT**.  It is

FURTHER ORDERED that Plaintiff's Motion for Default Judgment, filed March 9, 2006 (docket #34), is **DENIED** for lack of subject matter jurisdiction.  It is

Dated:  August 15, 2006

BY THE COURT:
s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge