IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01624-WYD-OES

DAVID A. ZIGRAY,

    Plaintiff(s),

v.

NETDELIVERY CORPORATION, a Colorado Corporation; and
IDK ENTERPRISES, d/b/a NETdelivery;
COMPLETE SECURITY SOLUTIONS, INC., a Delaware Corporation;
PATRON SYSTEMS, INC, an Illinois Corporation; AND
TWING DANIEL, an Individual,

    Defendant(s).

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration, filed August 28, 2006 (docket #72), in which Plaintiff seeks reconsideration of this Court's Order Affirming and Adopting Magistrate Judge Boland's June 20, 2006, Findings of Fact, Conclusions of Law, and Recommendation of United States Magistrate Judge Concerning Diversity Jurisdiction ("Recommendation").

The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order.  "'[R]egardless of how it is styled or construed . . . , a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion.  *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir.

1997). "Furthermore, we have held that a motion will be considered under 59(e), 'when it involves reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* (quotation and internal quotation marks omitted) *see also Mantle Ranches, Inc. v. United States Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997) (a Rule 59 motion to alter or amend judgment may properly be cast in the form of a motion for reconsideration).

  Here, Plaintiff's motion requests reconsideration of matters properly encompassed in a decision on the merits, and I consider the Motion under the standards set forth in Rule 59(e). A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 2995). There are three major grounds that justify reconsideration under Rule 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brunswick v. Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Mantle Ranches*, 950 F. Supp. at 300; *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior

briefing." *Id.*; *see also Mantle Ranches*, 950 F. Supp. at 300 ("'a motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple'" and make legal arguments that could have been raised before"). "[A] motion for reconsideration and a successive Rule 60(b) motions . . . are inappropriate vehicles to reargue an issue already addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. " *Servants of the Paraclete*, 204 F.3d at 1012.

    I have reviewed Plaintiff's Motion for Reconsideration and I find that Plaintiff has failed to demonstrate (1) an intervening change in the controlling law; (2) new evidence; or (3) clear factual errors or manifest injustice. Plaintiff's Motion for Reconsideration merely advances arguments previously asserted in his Objection to the Recommendation.

    Accordingly, the Motion for Reconsideration (#72) is **DENIED**.

    Dated: August 28, 2006

BY THE COURT:
s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge