IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01624-WYD-BNB

DAVID A. ZIGRAY,

Plaintiff,

v.

NETDELIVERY CORP., a Delaware corporation,
IDK ENTERPRISES, INC., a Delaware corporation d/b/a NETdelivery,
COMPLETE SECURITY SOLUTIONS, INC., a Delaware corporation,
PATRON SYSTEMS, INC., a Delaware corporation, and
DANIEL TWING, an individual,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following motions:

1) **Defendants' Motion for Imposition of Sanctions Pursuant to Rule 11, Fed.R.Civ.P.** [Doc. # 40, filed 4/4/06] (the "Motion for Sanctions"), and

2). Defendants' **Motion to Obtain Ruling on Prior Motion for Imposition of Sanctions for Discovery Pursuant to Rule 11, Fed.R.Civ.P.** [Doc. # 75, filed 8/29/06] (the "Motion for Ruling").

The defendants request that the Court impose Rule 11 sanctions on the plaintiff for filing this action without ascertaining whether there is a legal basis for jurisdiction; for filing a sur-reply to the defendants' motion to dismiss for lack of jurisdiction in violation of D.C.Colo.L.Civ.R. 7.1(C); for attempting to remove defendant Twang as a named defendant in

an attempt to avoid the Court's lack of subject matter jurisdiction; and for filing a frivolous motion for default judgment against defendant NETdelivery.

On March 10, 2006, the defendants served the plaintiff with the Motion for Sanctions pursuant to Rule 11(c), Fed. R. Civ. P. The defendants warned the plaintiff that he had 21 days to dismiss the action or they would file the Motion for Sanctions in this Court. The plaintiff did not dismiss the action.

Under Rule 11, upon presentation to the Court of any paper, a *pro se* litigant is certifying that to the best of his or her "knowledge, information, and belief, after an inquiry reasonable under the circumstances," that

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b).

After a thorough review of the record, I find that the plaintiff presented arguments for the existence of subject matter jurisdiction, the removal of defendant Twang as a named defendant, and default judgment against defendant NETdelivery, which were not completely lacking in legal

and evidentiary bases.  Nor is there any evidence that the arguments were presented for an improper purpose.  I further find that the plaintiff's submission of a sur-reply is not an uncommon action for *pro se* litigants, given their unfamiliarity with the local rules of practice for this Court.  Accordingly,

IT IS ORDERED that Defendants' Motion for Imposition of Sanctions Pursuant to Rule 11, Fed.R.Civ.P. is DENIED.

IT IS FURTHER ORDERED that the defendants' Motion to Obtain Ruling on Prior Motion for Imposition of Sanctions for Discovery Pursuant to Rule 11, Fed.R.Civ.P. is DENIED AS MOOT.

Dated October 4, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge